# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RODNEY DUTCH,                          :
                                       :   Civil Action No. 08-2433 (NLH)
          Petitioner,      :
                                       :
          v.               :   **OPINION**
                                       :
BRUCE HAUCK, et al.,                   :
                                       :
          Respondents.     :

**APPEARANCES:**

     RODNEY DUTCH, Petitioner pro <u>se</u>
     #273408B
     South Woods State Prison
     215 Burlington Road
     Bridgeton, New Jersey 08330

     WARREN W. FAULK, CAMDEN COUNTY PROSECUTOR
     ROBIN A. HAMETT, ASSISTANT PROSECUTOR
     Deputy Section Chief, Motions and Appeals Unit
     CAMDEN COUNTY PROSECUTOR'S OFFICE
     25 North Fifth Street
     Camden, New Jersey 08102
     Counsel for Respondents

**HILLMAN**, District Judge

    Petitioner Rodney Dutch, a convicted state prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New Jersey state court conviction and sentence.  For the reasons stated herein, the Petition will be denied for lack of substantive merit.

I.  <u>BACKGROUND</u>

A.  <u>Statement of Facts</u>

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, <u>see</u> 28 U.S.C. § 2254(e)(1), will simply reproduce the factual recitation as set forth in the unpublished opinion of the Superior Court of New Jersey, Appellate Division, decided on April 30, 2003, with respect to petitioner's direct appeal from his New Jersey state court conviction and sentence:

> The record amply supports a finding that, on August 22, 1998, defendant, seeking money, attacked seventy-five-year-old Leslie Edwards with a hammer while Edwards was putting his car in the garage, causing two depressed skull fractures, external scalp wounds, and a fracture of the left fifth finger, and partially tearing off Edwards' left ear. Defendant then stole Edwards' wallet and, in the period between August 22 and 24, repeatedly utilized Edwards' PNC bank card for small purchases. It was the use of the bank card that led to Dutch's eventual identification and arrest. Neither the victim nor his wife could identify Dutch. However, he was identified in a photo array shown to Randy Williams, an attendant at an Exxon gas station where Dutch had stopped on three occasions on the morning after the crime. He was also identified by an employee of the Virginia Department of Motor Vehicles who had processed a change in registration of the car that he was using at the time of the crime. Following arrest, blood belonging to Edwards was found on Dutch's boot.

(Respondents' Appendix ("Ra") at Ra9, April 30, 2003 Appellate Division opinion).

B.  <u>Procedural History</u>

On October 21, 1999, the Camden County Grand Jury charged petitioner, Rodney Dutch ("Dutch"), second degree burglary,

2

second degree aggravated assault, armed robbery, possession of a weapon for an unlawful purpose, theft, forgery, and fraudulent use of a credit card.  Dutch was tried before a jury and the Honorable Norman Telsey, J.S.C., on May 15, 2001 through May 24, 2001.  The jury returned a verdict of guilty on all counts on May 24, 2001.

On September 20, 2001, a sentencing hearing was scheduled before Judge Telsey.  The court rejected Dutch's request that the aggravated assault charge and armed robbery charge merge, but did agree to merge Count 4 (possession of a weapon for an unlawful purpose) and Count 5 (theft) into the armed robbery charge.  The court also merged the forgery charge into Count Seven (Fraudulent use if a credit card.  The sentencing court further ruled that Dutch qualified as a persistent offender under <u>N.J.S.A.</u> 2C:44-3(a) and 2C:43-7, and granted the State's application for a mandatory extended term under the Repeat Violent Offender Statute, <u>N.J.S.A.</u> 2C:43-7.1.  However, the court declined to apply the No Early Release Act, <u>N.J.S.A.</u> 2C:437.2, to the extended term.  The court sentenced Dutch to an aggregate term of life imprisonment plus 15 years with a 35½ year period of parole ineligibility.

Dutch filed a direct appeal from his conviction and sentence.  In an opinion filed on April 30, 2003, the Superior Court of New Jersey, Appellate Division affirmed the conviction

but vacated the sentence on the Count 2 conviction for aggravated assault, finding that it should have merged into the first-degree robbery conviction under Count 3.  The Appellate Division then ordered a limited remand for resentencing in accord with its opinion.  (Ra9).

On May 21, 2003, the trial court re-sentenced Dutch. Accordingly, Dutch's sentence was reduced to an aggregate term of life imprisonment plus five years with 27 years of parole ineligibility.  (Ra10).  Dutch promptly filed a petition for certification with the Supreme Court of New Jersey (Ra12, Ra13), which was denied by Order dated September 4, 2003 (filed September 8, 2003).  (Ra16).

Immediately thereafter, on September 9, 2003, Dutch filed a pro se petition for post-conviction relief ("PCR") in state court.  (Ra17).  On June 30, 2006, the Honorable John T. McNeill, III, J.S.C., heard oral argument on Dutch's state PCR application.  Judge McNeill denied the petition without an evidentiary hearing on July 18, 2006.  (Ra20).  On July 7, 2006, Dutch filed a motion for reconsideration of Judge McNeill's decision denying his PCR petition.  The motion was docketed on July 19, 2006, and denied by Judge McNeill on July 27, 2006. (Ra21, Ra22).

On September 29, 2006, Dutch filed an appeal from the trial court's order denying his state PCR.  (Ra23).  In an opinion

4

dated January 25, 2008, the Appellate Division affirmed the trial court's decision.  (Ra28).  On or about April 7, 2008, the Supreme Court of New Jersey denied Dutch's petition for certification.  (Ra23)

Shortly thereafter, on or about May 19, 2008, Dutch filed the instant petition for habeas relief under 28 U.S.C. § 2254. Respondents answered the petition on January 29, 2009.  The State also filed a motion to seal confidential materials, namely, the Adult Pre-Sentence Report and the Grand Jury transcript.  On June 16, 2009, this Court granted the motion to seal.  Dutch filed a traverse or objections to the answer on February 19, 2009, with exhibits submitted on March 5, 2009.

## II.  STATEMENT OF CLAIMS

Dutch raises the following claims for habeas relief in his petition:

Ground One:  The trial judge's finding of aggravating factors and predicate offenses to impose an extended term of life imprisonment violated petitioner's Sixth and Fourteenth Amendment rights because it should have been presented to the jury.

Ground Two:  DNA evidence should have been presented to the Grand Jury.

Ground Three:  Ineffective assistance of trial counsel because counsel did not challenge the trial court's finding of

aggravating factors to impose an extended term, and because counsel failed to conduct any investigation.

Ground Four:  Ineffective assistance of appellate counsel based on appellate counsel's failure to raise issues of trial counsel's ineffectiveness.

The State contends that the petition should be denied for lack of substantive merit.  The State also argues that Dutch has procedurally defaulted on his claim regarding the failure to present DNA evidence to the grand jury.  The State does not assert that petitioner's claims are unexhausted, nor does the State argue that the petition is untimely.

### III.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law.  28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982).  Generally, "[i]f a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable," Engle v. Isaac, 456 U.S. 107, 120 n. 19 (1982), and "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.  That is, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process

Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). In addition, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

In addition to the case law, the Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits. See 28 U.S.C. § 2254(d). Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court. See 28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only claims that were "adjudicated on the merits in State Court proceedings." 28 U.S.C. § 2254(d). "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(citations and internal quotation marks omitted), reversed

8

on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374
(2005); see also Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir.
2006).  A state court may render an adjudication on the merits of
a federal claim by rejecting the claim without any discussion
whatsoever.  See Rompilla, 355 F.3d at 247.  See also Chadwick v.
Janecka, 312 F.3d 597, 605-06 (3d Cir. 2002), cert. denied, 538
U.S. 1000 (2003)(citing Weeks v. Angelone, 528 U.S. 225, 237
(2000)(even a summary adjudication by the state court on the
merits of a claim is entitled to § 2254(d) deference)).  On the
other hand, "[i]f the petitioner's legal claims were presented
but not addressed by the state courts, 28 U.S.C. § 2254(d) does
not apply." Rolan, 445 F.3d at 678.  See also Hameen v. State of
Delaware, 212 F.3d 226, 248 (3d Cir. 2000)(with respect to claims
presented to, but unadjudicated by, the state courts, however, a
federal court may exercise pre-AEDPA independent judgment), cert.
denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL
1523144, *6 n.4 (D.N.J. 2000).

     If the New Jersey courts adjudicated the petitioner's claims
on the merits, this Court may not grant relief unless either §
2254(d)(1) or § 2254(d)(2) is satisfied.  See 28 U.S.C. §
2254(d).  Accordingly, this Court may not grant habeas relief to
the petitioner unless the adjudication of a federal claim by the
New Jersey courts involved an unreasonable application of clearly
established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding and Dutch is in custody in violation of the Constitution or laws or treaties of the United States.  <u>See</u> 28 U.S.C. § 2254(a), (d)(2).

When the grounds raised in the petition are governed by 28 U.S.C. § 2254(d)(1), the court must begin its analysis by determining the relevant law clearly established by the Supreme Court.  <u>See</u> <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).  A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U .S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result."  <u>Williams</u>, 529 U.S. at 405-06.  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[1] See id. at 409-10. "The unreasonable application test is an objective one-a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005) (quoting Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005)).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence. See Duncan, 256 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

---

[1] See also Marshall v. Hendricks, 307 F.3d 36, 71 n. 24 (3d Cir. 2002)("[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent.")(citations and internal quotation marks omitted).

IV.   ANALYSIS

A.   Ground One

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies." See Grecco v. O'Lone, 661 F. Supp. 408, 415 (D.N.J. 1987)(citation omitted).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation.  See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984).  See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Here, Dutch appears to be challenging the legality of his sentence, claiming that it violates principles enunciated by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004).  In particular, Dutch asserts that the trial court violated his Sixth and Fourteenth Amendment rights when it considered aggravating factors in imposing an extended term, without having presented the issue for the jury to decide.

In Apprendi, pursuant to the Fourteenth Amendment right to due process, coupled with the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a

12

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 471, 490.  In Blakely, the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. at 302 (internal quotations omitted).  More specifically, "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id.,542 U.S. at 303 (emphasis in original) (citations omitted).  Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, finding the Guidelines unconstitutional, and rendering them merely advisory, rather than mandatory.

In State v. Natale, 184 N.J. 458 (2005), the Supreme Court of New Jersey evaluated the constitutionality of the New Jersey sentencing scheme in light of the Apprendi line of cases.

> Our Code provisions make clear that, before any judicial factfinding, the maximum sentence that can be imposed based on a jury verdict or guilty plea is the presumptive term. Accordingly, the "statutory maximum" for Blakely and Booker purposes is the presumptive sentence.

Natale, 184 N.J. at 484.  Because the Code's system allows for sentencing beyond the statutory maximum presumptive term, the Supreme Court of New Jersey found the state sentencing system unconstitutional and determined that the appropriate remedy would be to follow the lead of Booker and abolish the presumptive terms.  "Without presumptive terms, the 'statutory maximum' authorized by the jury verdict or the facts admitted by a defendant at his guilty plea is the top of the sentencing range for the crime charged, e.g., ten years for a second-degree offense."  Natale, 184 N.J. at 487 (citation omitted).  The Supreme Court of New Jersey held that the rule it announced in Natale was applicable retroactively only to cases in the direct appeal pipeline as of the date of that decision, August 2, 2005. Natale, 184 N.J. at 494.  In this case, Dutch had already concluded his direct appeal by the date of the Natale decision; thus, the Natale decision did not entitle him to relief.

Similarly, the Court of Appeals for the Third Circuit generally has held that the rules announced in the Apprendi line of cases are not applicable retroactively to cases on federal collateral review.  See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005)(finding that the decision of the Supreme Court in Booker does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003)(holding that Apprendi does not apply

retroactively to cases on collateral review); <u>In re Turner</u>, 267
F.3d 225 (3d Cir. 2001)(holding that <u>Apprendi</u> does not apply
retroactively to cases on collateral review).  <u>See also United
States v. Price</u>, 400 F.3d 844, 849 (10th Cir.), <u>cert</u>. <u>denied</u>, 546
U.S. 1030 (2005)(<u>Blakely</u> does not apply retroactively to cases on
collateral review).

    Here, Dutch did not raise his <u>Apprendi</u> claim at the time of
his direct appeal.  Rather, on direct appeal, Dutch argued that
the trial court erred in imposing an extended term under <u>N.J.S.A.</u>
2C:43-7.1 in the absence of petitioner having previously had a
predicate conviction for first degree robbery.  As respondents
note, this was the same argument raised before the sentencing
court.  However, Dutch did raise his <u>Apprendi/Blakely</u> argument in
his state PCR proceedings.

    In rejecting Dutch's claim, the state PCR court found:

> The New Jersey Code of Criminal Justice provides for a
> strong judicial role in sentencing.  Reference: State -vs-
> Roth, 95 New Jersey 334.
> The Code delegates to judges, not juries, the consideration
> of aggravating factors for the purpose of imposing fair and
> uniform sentences.  Reference: New Jersey Statute 2C:44-
> 1(a).  A judge is authorized to impose a sentence within a
> range allowed by the jury verdict.  Reference: State -vs-
> Natale, you're very familiar with.  The judge is also
> authorized to sentence the defendant within a range
> consistent with the defendant's prior convictions.  I also
> refer to Almendarez-Torres -vs- United States 523 U.S. 224,
> '98 case, which noted recidivism was the most traditional
> basis for sentencing courts increasing an offender's
> sentence.  For those in court that are not familiar with the
> term "recidivism," it's a term to describe other
> convictions.  In other words, somebody that on more than a
> few occasions normally has been guilty of criminal conduct.

In 2001 when Mr. Dutch was sentenced, the Court was required to impose the presumptive term unless the preponderance of aggravating or mitigating factors as set forth in the statute weighed in favor of a higher or lower term within the statutory range.

In the case of this defendant, Judge Telsey sentenced him to an extended term of life imprisonment without the possibility of parole for 25 years.  Under the circumstances here, an extended term sentence is within the statutory range and the Appellate Division affirmed the correctness of Judge Telsey's sentencing decision.

I note in passing Judge Telsey found aggravating factors one, two, three, six, nine and 12 applied and that no mitigating factors applied.  Contrary to the defendant's assertions, the application of aggravating and mitigating factors and an extended term sentence are the province of the trial judge and have no business whatsoever in being presented to the grand jury, as set forth by the legislature in 2C:44-1; ... .

(Transcript of Post-conviction relief hearing, dated June 30, 2009, 7T 6:14-8:3).

In affirming the PCR trial court, the Appellate Division found that there were "no deficiencies in the extended-term sentence imposed in 2001, which [the Appellate Division had] affirmed in 2003 with the exception of requiring two of the counts to merge."  The appellate court further held that, "as defendant's direct appeal concluded with a denial of certification by the Supreme Court on September 8, 2003, and he did not raise his Blakely and Apprendi claims at trial or on direct appeal, this is not a "pipeline" case and these constitutional challenges are not cognizable now on post-conviction review.  State v. Natale, 184 N.J. 458, 493-94 (2005).

16

(Ra28, January 25, 2008 Appellate Division Opinion at pp. 5 and 10).

Thus, in reviewing the state court record, as well as the sentencing transcript, it is plain that the sentence here was imposed consistently with the rules of the <u>Apprendi</u> line of cases.  The state court decisions are neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.  Petitioner is not entitled to relief on this claim.

B.  <u>Ground Two</u>

Dutch next alleges that the "[t]he Prosecutor failed to present DNA evidence to the Grand Jury, when that evidence was an element of the crime charged."  Further, Dutch argues that the trial court "failed to instruct the trial jury on the state burden to prove elements beyond a reasonable doubt."  (Petition at Ground B).  Specifically, Dutch contends that the DNA lab reports do not show a 99.9% match of the victim's blood on petitioner's shoe, and that the test taken on victim's own blood failed to find the gender marker for the victim's own blood, leaving a question as to the results of the rest of the test.  He claims that the DNA results should have been presented to the Grand Jury for their consideration.  This claim was first raised in Dutch's state PCR proceedings.

17

The Fifth Amendment right to a grand jury presentation in felony cases is not applicable to the states.  <u>Alexander v. Louisiana</u>, 405 U.S. 625, 633 (1972).  Thus, any claim of defect in a state grand jury proceeding is a claim of a state-law error that does not raise federal constitutional concerns unless it rises to the level of a due process deprivation.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991).  <u>Cf</u>. <u>U.S. v. Console</u>, 13 F.3d 641, 671-72 (3d Cir. 1993)(with the exception of a claim of racial discrimination in the selection of grand jurors, a petit jury's guilty verdict renders harmless any prosecutorial misconduct before the indicting grand jury)(citing <u>Vasquez v. Hillery</u>, 474 U.S. 254 (1986)).  Where any error in a state grand jury proceeding is rendered harmless by a subsequent petit jury verdict, there is no due process deprivation.  <u>See</u>, <u>e.g.</u>, <u>Lopez v. Riley</u>, 865 F.2d 30, 32 (2d Cir. 1989); <u>United States v. Mechanik</u>, 475 U.S. 66, 72-73 (1986)(involving a violation of <u>Fed.R.Crim.P.</u> 6(d)).

In this case, the Appellate Division rejected Dutch's argument, finding as follows:

> ..., the trial court correctly concluded that grand jury errors are rendered harmless in the event of a guilty verdict in a subsequent trial resulting from the indictment. <u>State v. Lee</u>, 211 N.J. Super. 590, 599 (App. Div. 1986), <u>certif</u>. <u>denied</u>, 108 N.J. 648 (1987); <u>see</u> <u>also</u> <u>United States v. Mechanik</u>, 475 U.S. 66, 69-72, 106 S.Ct. 938, 941-44, 89 L.Ed.2d 50, 55-58 (1986).

(Ra28, January 25, 2008 Appellate Division Opinion at pp. 9-10).

This Court finds that the Appellate Division correctly applied the Supreme Court precedent governing this claim.  Any error in the state grand jury proceedings was rendered harmless by the subsequent petit jury verdict.  Dutch is not entitled to relief on this second ground.

C.   <u>Ground Three</u>

Finally, Dutch asserts that his trial counsel and appellate counsel were ineffective in violation of his Sixth Amendment right to effective assistance of counsel.  First, he asserts that his trial counsel was ineffective by failing to challenge the imposition of the extended term sentence and the sentencing judge's finding of aggravating factors.  He also alleges that counsel was deficient because she failed to conduct any investigation.  Finally, Dutch contends that his appellate counsel was ineffective because he failed to raise these issues as to trial counsel's ineffectiveness.  These claims were presented for state court review in Dutch's state PCR proceedings.

The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is the standard for ineffective assistance of counsel as enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Under <u>Strickland</u>, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell

below an objective standard of reasonableness, assessing the
facts of the case at the time of counsel's conduct.  See id. at
688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller
v. Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S.
973 (2001).  Counsel's errors must have been "so serious as to
deprive the defendant of a fair trial, a trial whose result is
reliable."  Strickland, 466 U.S. at 688.  "In any case presenting
an ineffectiveness claim, the performance inquiry must be whether
counsel's assistance was reasonable considering all the
circumstances."  Id.

    If able to demonstrate deficient performance by counsel, the
petitioner must also show that counsel's substandard performance
actually prejudiced his defense.  See Strickland, 466 U.S. at
687.  Prejudice is shown if "there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.  A reasonable probability
is a probability sufficient to undermine confidence in the
outcome."  Id. at 694.  The reviewing court must evaluate the
effect of any errors in light of the totality of the evidence.
See id. at 695-96.  Thus, the petitioner must establish both
deficient performance and resulting prejudice in order to state
an ineffective assistance of counsel claim.  See id. at 697; see
also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

20

Finally, the Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right.  See Evitts v. Lucey, 469 U.S. 387 (1985).  Claims of ineffective assistance of appellate counsel are evaluated under the Strickland standard.  See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004); Wright v. Vaughn, 2004 WL 1687865 at *6, n. 10 (E.D.Pa. July 26, 2004).  Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Moreover, in order to prevail on a claim that appellate counsel was ineffective, a petitioner must show not only that counsel's performance fell below an objective standard of reasonableness, but also that there was a reasonable probability, but for counsel's deficiency in raising the arguments on appeal, that the conviction would have been reversed on appeal.  See Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir.), cert. dismissed, 527 U.S. 1050 (1999).

1.  *Trial Counsel*

On appeal from denial of Dutch's state PCR petition, the Appellate Division found as follows:

> We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland/Fritz test.  Hence an evidentiary hearing was not warranted.  In State v. Rue, 175 N.J. 1, 18 (2002), the Supreme Court noted that PCR counsel is required to communicate with his or her client, investigate the claims, and then "'fashion the most effective arguments possible.'" (quoting State v. Velez, 329 N.J. Super. 128, 133 (App. Div. 2000)).  In State v. Webster, 187 N.J. 254, 257 (2006), the Court required that "counsel should advance all of the legitimate arguments that the record will support [and] [i]f after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point." ...
>
> ... The court also properly concluded that defendant's claims of ineffective assistance of trial counsel had "no merit whatsoever under the existing law."  We note that trial counsel argued against imposition of an extended sentence and challenged the extended term on direct appeal, to no avail, as defendant was subject to a mandatory extended sentence under N.J.S.A. 2C:43-7.1b(2) resulting from his three prior convictions for second-degree robbery and this conviction for first-degree robbery.

(Ra28, January 25, 2008 Appellate Division Opinion at pp. 8-10).

In his habeas petition, Dutch has made no showing to contradict the state court rulings that his trial counsel's performance was not deficient in any way.  Moreover, even if Dutch could show that the actions (or inactions) of his counsel were deficient, he cannot satisfy the prejudice prong under Strickland.  Both the PCR court and Appellate Division found that there was "no merit whatsoever under the existing law" (Ra28 at

pg. 10) as to Dutch's claims of ineffectiveness of trial counsel, and in fact, found that counsel had argued to the best of her ability against the imposition of an extended term.  Thus, Dutch can not argue that trial counsel's performance was deficient. Moreover, it is clear that an extended term sentence in this case was mandatory, and therefore, Dutch can not demonstrate the prejudice prong under Strickland.  In short, Dutch has not demonstrated what more counsel could have done that would have served to change the outcome this matter.

This Court is satisfied from its review of the pertinent state court record that there was ample evidence to support the state court rulings on this issue.  This Court also finds that Dutch has not established a constitutional violation; nor has he shown, as required under 28 U.S.C. § 2254(d), that the actions of the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court in Strickland, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Therefore, this ineffective assistance of trial counsel claim for habeas relief will be denied.

2. *Appellate Counsel*

Here, Dutch asserts simply that his appellate counsel should have raised these claims on direct appeal.  Based on the state court record and state court factual findings, this Court finds no merit to Dutch's claim.  Indeed, this Court's review of the state court record confirms that Dutch's appellate counsel prepared a very thorough brief on behalf of petitioner.

First, counsel did challenge the sentence, and the appellate court found that "[w]ithout doubt, Dutch was subject to a mandatory extended term sentence, ... . [and] [a]though the sentence was at the top of that range, in light of the circumstances of the crime committed, the injuries inflicted on the victim, and Dutch's prior record, we are satisfied that its imposition did not constitute an abuse of discretion."  (Ra9, April 30, 2003 Appellate Division Opinion at pp.8-9).

Moreover, on state PCR review, the Appellate Division found that Dutch's direct appeal had concluded before Blakely and Apprendi were issued.  Consequently, the appellate counsel could not have anticipated those decisions to raise those claims on direct review.  This is supported by the fact that both the state and federal courts have consistently held that Blakely/Apprendi claims do not have retroactive application.

24

As to the issue of the DNA evidence and Dutch's contention that such evidence should have been presented to the grand jury,[2] the Appellate Division found that the PCR court had "correctly concluded that grand jury errors are rendered harmless in the event of a guilty verdict in a subsequent trial resulting from the indictment." (Ra28 at pg. 9). Consequently, this Court finds no error or deficiency of performance by appellate counsel to raise a meritless claim on direct appeal.

Therefore, this Court finds that petitioner's ineffective assistance of appellate counsel claim fails because he cannot demonstrate either deficient performance or any resulting prejudice. Therefore, this Court will deny this claim pursuant to 28 U.S.C. § 2254(b)(2), because it is completely lacking in merit.

## V.  CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, this Court's review of the claims

---

[2]  This Court does note that the issue of DNA evidence was mentioned at the grand jury proceedings with the prosecutor asserting that preliminary evidence showed that the blood on Dutch's boots was the victim's blood.

25

advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## **CONCLUSION**

For the above reasons, this Court finds that the § 2254 habeas petition should be denied on the merits and a certificate of appealability will not issue.   An appropriate Order follows.


  /s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

DATED: OCTOBER 5, 2009

At Camden, New Jersey