<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| _____ | : | |
| RODNEY DUTCH, | : | |
| | : | Civil Action No. 08-2433 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BRUCE HAUCK, et al., | : | |
| | : | |
| Respondents. | : | |
| _____ | : | |

APPEARANCES:

Rodney Dutch, #273408B
East Jersey State Prison
Lock BAG R.
1100 Woodbridge Road
Rahway, NJ 07065
    Plaintiff <u>Pro</u> <u>Se</u>

<u>**HILLMAN**</u>, District Judge:

    Petitioner Rodney Dutch ("Petitioner"), a prisoner confined

at East Jersey State Prison in Rahway, New Jersey, filed the

instant Motion for Relief from Judgment or Order ("Motion"),

(Dkt. 24), seeking relief from the Court's October 15, 2009

denial of his Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2254 ("Petition").  For reasons stated below, the Court

dismisses the Motion for lack of jurisdiction.

I.    <u>BACKGROUND</u>

    The Court provided a more comprehensive summary of the case

in its October 15, 2009 opinion.  (Dkt. 17.)  Familiarity with

that opinion is assumed here, and the Court will only provide a brief summary relevant to this Opinion.

On May 24, 2001, Petitioner was convicted, in a jury trial, of second degree burglary, second degree aggravated assault, armed robbery, possession of a weapon for unlawful purpose, theft, forgery, and fraudulent use of a credit card. (Dkt. 17 at 2-3.) On sentencing, the sentencing court found that Petitioner had three prior convictions for second-degree robbery, the most recent committed less than ten years ago. (Dkt. 24 at 5.) Therefore, the sentencing court deemed Petitioner to be a persistent offender under N.J. Stat. Ann. §§ 2C:44-3(a) and 2C:43-7, and granted the State's application for a mandatory extended term under § 2C:43-7.1. (Dkt. 17 at 3.) Petitioner was then sentenced to an aggregate term of life imprisonment plus 15 years. Id.

Petitioner appealed his sentence, and on appeal, the Appellate Division remanded on the limited issue of sentencing, finding that some of the lesser offenses should have been merged. Id. at 3-4. Importantly, the Appellate Division did not disturb the life sentence. Id. Upon remand, the Petitioner was sentenced to an aggregate term of life imprisonment plus 5 years. Id. at 4.

After exhausting his state remedies, Petitioner filed the Petition with this Court on May 19, 2008, alleging a litany of

2

claims attacking his sentence.  (Dkt. 1.)  Among one of his claims was that his appellate counsel was deficient in his representation because he failed to challenge Petitioner's extended sentence pursuant to the holdings of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Petitioner posits that the sentencing court violated Apprendi because the facts leading to his extended sentence were not submitted to the jury and proved beyond a reasonable doubt.  The Court denied that particular claim on several grounds, but on one ground, the Court noted that "the Appellate Division found that Dutch's direct appeal had concluded before Blakely and Apprendi were issued.  Consequently, the appellate counsel could not have anticipated those decisions to raise those claims on direct review."  (Dkt. 17 at 24.)  In its October 5, 2009 opinion and order, the Court denied the Petition and declined to issue a certificate of appealability under 28 U.S.C. § 2253(c).  (Dkt. 18.)

Petitioner appealed the decision and filed a request with the Third Circuit for a certificate of appealability.  (Dkt. 19.)  The Third Circuit denied Petitioner's request on January 20, 2010.  (Dkt. 23.)  On December 2, 2013, Petitioner filed the instant Motion, alleging that the Court made an error in finding that Apprendi was decided after Petitioner's direct appeal. (Dkt. 24 at 2.)  As support, Petitioner submitted an Appellate Division opinion, stemming from Petitioner's motion to correct

3

his sentence that was issued after the Court's denial of the

Petition.  In that opinion, the Appellate Division stated,

> We note that the federal court misconstrued our
> decision in the PCR appeal, stating that 'on state PCR
> review, the Appellate Division found that Dutch's
> direct appeal had concluded before <u>Blakely</u> and
> <u>Apprendi</u> were issued.'  Thus, although the federal
> court noted that defendant's direct appeal counsel
> failed to raise an <u>Apprendi</u> claim, it held 'appellate
> counsel could not have anticipated those decisions to
> raise those claims on direct review.'  As we have
> noted, <u>Apprendi</u> had been decided; on the other hand,
> <u>Blakely</u> and <u>Natale</u> had not.

(Dkt. 24 at 7) (citations omitted).

## II.  <u>DISCUSSION</u>

### A.  <u>Successive Petitions</u>

Rule 60(b)(1) provides that "[o]n motion and just terms,

the court may relieve a party or its legal representative from a

final judgment, order, or proceeding for . . . mistake,

inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ.

P. 60(b)(1).

Petitioner's sole allegation of error is that the Court's

prior finding that appellate counsel could not have raised an

<u>Apprendi</u> claim was incorrect.  The Court construes Petitioner's

Motion as challenging solely the rulings of the Court on

Petitioner's ineffective assistance of counsel claim against

Petitioner's appellate counsel on direct appeal; in particular,

that appellate counsel could have raised an <u>Apprendi</u> argument on

appeal, contrary to the Court's finding that he could not.

4

However, a motion for relief from judgment under Rule 60(b), which seeks to advance one or more substantive claims following denial of a habeas petition, is properly classified as a "second or successive habeas petition" under 28 U.S.C. §2244(b), which requires authorization from the Court of Appeals before filing. Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005); Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011).

Here, Petitioner's Motion seeks to advance a substantive claim following the Court's denial of his habeas Petition. Petitioner's Motion asks the Court to reverse its judgment that appellate counsel did not provide ineffective assistance, and instead to hold that because appellate counsel could have raised an Apprendi argument on appeal but did not, his representation of Petitioner was therefore deficient. That is an argument that seeks to advance a substantive claim. As such, he is required to seek authorization from the Court of Appeals prior to filing his Motion. Because such authorization has not be granted by the Court of Appeals, the Court lacks jurisdiction to adjudicate the Motion.[1]

---

[1]   The Court notes that Rule 60(b) motions "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Court issued its denial of the Petition on October 15, 2009, and the Third Circuit denied Petitioner's request for a Certificate of Appealability on January 20, 2010. Yet Petitioner waited until December 2, 2013 to file the instant Motion. Even if the Court

B.   Merits

Even if the Court does have jurisdiction to entertain the
Motion, the Court finds that relief is unwarranted.  In order to
prevail on a claim that appellate counsel was ineffective, a
petitioner must show not only that counsel's performance fell
below an objective standard of reasonableness, but also that
there was a reasonable probability, but for counsel's deficiency
in raising the arguments on appeal, that the conviction would
have been reversed on appeal.  See Buehl v. Vaughn, 166 F.3d
163, 173-74 (3d Cir. 1999), cert. dismissed, 527 U.S. 1050
(1999).

Assuming, arguendo, that the Court accepts Petitioner's
argument that appellate counsel's failure to make an Apprendi
claim on appeal was objectively unreasonable, the conviction and
sentence still would not have been reversed had counsel made the
claim.  "Other than the fact of a prior conviction, any fact
that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted to a jury, and proved beyond
a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490
(2000) (emphasis added).  Here, Petitioner's sentence was
enhanced beyond the statutory maximum because the state court

---

construes the Motion as filed under Rule 60(b)(6), which allows
the Court to entertain the motion for "any other reason that
justifies relief," instead of Rule 60(b)(1), this Motion is
still grossly untimely.

found that Petitioner had three prior convictions that qualified him for the extended sentence.  Under Apprendi, that is not a fact that requires submission to a jury.  See U.S. v. Burnett, 773 F.3d 122, 136 (3d Cir. 2014) (holding that the Apprendi line of cases did not restrict judges from considering prior convictions for the purposes of enhanced penalties); U.S. v. Powell, 215 F. App'x 143, 148 (3d Cir. 2007) (finding that Apprendi is not applicable to the federal "three strikes" statute); Page v. Bartkowski, No. 11-2558, 2014 WL 1942357, at *25 (D.N.J. May 14, 2014) (finding that Apprendi did not extend to New Jersey's "three strikes" law); Perez v. Glover, No. 10-655, 2012 WL 481122, at *23 (D.N.J. Feb. 14, 2012) (finding that Apprendi did not apply to an extended sentence based on prior convictions under New Jersey statute); Ellison v. Ricci, No. 08-116, 2009 WL 983024, at *10 (D.N.J. Mar. 18, 2009) (find that an enhanced sentence pursuant to § 2C:43-7.1 is constitutional under Apprendi without submission to the jury).  As such, Petitioner's counsel's alleged "error" would not have resulted in a reversal of Petitioner's sentence, so Petitioner fails to state a valid ineffective assistance of counsel claim.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Motion is dismissed for lack of jurisdiction.

At Camden, New Jersey                    <u>    s/ Noel L. Hillman    </u>
                                         Noel L. Hillman
                                         United States District Judge

Dated:  February 25, 2015